FOURNET, Chief Justice
(dissenting in part and concurring in part).
The defendant, Motors Insurance Corporation, having taken possession of plaintiff’s truck in order that it might discharge its obligation under its policy of insurance to repair the damage caused by the fire, was obligated “to restore the precise object *357 it received” (Article 2944 of the Revised Civil Code) “in the state in which it is at the moment of restitution” (Article 2945), and having failed to timely make such restitution, it is liable to plaintiff for the full value of the truck as repaired, which, according to the findings of the majority, is $2,300.
The majority in fixing the amount plaintiff is entitled to recover here on the basis of the value of the truck in its damaged condition at the time it was deposited with the defendant insurance corporation, evidently overlooks the fact that although the law of bailment universally obtaining requires a bailee to return the object in the condition in which it was received, subject to ordinary wear and tear, failing which the bailee becomes liable for its equivalent in value, it is equally true that by special contract a bailee’s obligation may be either limited or extended, i. e., made more or less onerous. Consequently, each case must be decided in accordance with its particular facts and the agreement of the parties.
Under the facts of the case as I understand them from the majority opinion, there is neither basis nor logic to warrant the deduction of the amount the insurance company extended in repairing the car— $773.53 — an obligation it undertook to and did in fact carry out, and for which it was fully compensated. Its obligation was to return the truck to the plaintiff fully repaired, as contracted, and not in the damaged condition in which it was received. It necessarily follows, therefore, that the defendant, for its failure to timely make restitution of the fully repaired truck, is liable to plaintiff for its value in the condition it had obligated itself to return it.
I am in full accord with the majority holding that whatever judgment be rendered against the defendant insurance company, a similar judgment should be rendered in favor of it and against the General Motors Acceptance Corporation.